Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jbarrat@weilerlaw.com
www.weilerlaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Derius Dearbone**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**PES Security, LLC**, an Arizona company; and **Edward Gardner,** an Arizona resident;<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Derius Dearbone ("**Plaintiff**"), for his Verified Complaint against Defendants PES Security, LLC **("PES" or "Entity Defendant");** and Edward Gardner (**"Defendants"**), hereby alleges as follows:

### NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); failure to pay Arizona minimum wage in violation of A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**"); and failure to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-350 – 23-

355 ("**Arizona Wage Statute**" or "**AWS**").

2. This action is also brought to recover overtime and minimum wage compensation, liquidated or double damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6. Plaintiff's state law claims are sufficiently related to his federal claims that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1367.

7. Plaintiff was employed by Defendants in this District.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

9. Plaintiff was a full-time employee of Defendants from on or around January 18, 2023, until on or around February 16, 2023 ("**all relevant times**").

10. At all relevant times to the matters alleged herein, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

11. At all relevant times to the matters alleged herein, Plaintiff was an employee of Defendants as defined by A.R.S. § 23-362(A).

12. At all relevant times, Plaintiff was an employee Defendant PES as defined by A.R.S. § 23-350(2).

13. Defendant PES is a company authorized to do business in Arizona.

14. At all relevant times to the matters alleged herein, Defendant PES was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

15. At all relevant times to the matters alleged herein, Defendant PES was Plaintiff's employer as defined by A.R.S. § 23-362(B).

16. At all relevant times to the matters alleged herein, Defendant PES was Plaintiff's employer as defined by A.R.S. § 23-350(3).

17. Defendant Edward Gardner is an Arizona resident.

18. Defendant Edward Gardner has directly caused events to take place giving rise to this action.

19. Defendant Edward Gardner is an employer for PES.

20. Defendant Edward Gardner is an owner of PES.

21. Defendant Edward Gardner is a manager of PES.

22. Defendant Edward Gardner has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

23. Defendant Edward Gardner has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

24. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

FLSA, Edward Gardner is an employer.

25. Defendant Edward Gardner had the authority to hire and fire employees.

26. On or around January 18, 2023, Defendant Edward Gardner interviewed and hired Plaintiff.

27. Defendant Edward Gardner supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

28. Defendant Edward Gardner would assign Plaintiff to security posts.

29. Defendant Edward Gardner determined the rate and method of Plaintiff's payment of wages.

30. Defendant Edward Gardner would personally hand Plaintiff checks or cash for payment of wages.

31. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Edward Gardner is subject to individual and personal liability under the FLSA.

32. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

33. Defendants, and each of them, are sued in both their individual and corporate capacities.

34. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

35. Plaintiff has a good faith reasonable belief that in his work for PES, he was employed by an enterprise engaged in commerce that had or will have annual gross sales

of at least $500,000 in 2023.

36. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

37. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

38. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

39. Plaintiff would communicate with Defendants via telephone and text messages.

40. Under the FLSA, Plaintiff is a covered employee under individual coverage.

41. Under the FLSA, Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

42. The Entity Defendant is a security company.

43. On or around January 18, 2023, Plaintiff Derius Dearbone commenced employment with Defendants as a security worker.

44. Plaintiff's primary job duties included security detail, crowd control, and de-escalations.

45. Plaintiff was a non-exempt employee.

46. Plaintiff was to be paid $22.00 an hour.

47. Plaintiff has not received his final paycheck in the amount of $880.

48. Plaintiff was not provided full payment for the work he performed.

49. Therefore, because he received less than minimum wage for hours worked, an FLSA, AMWS, and AWS violation has occurred.

50. Plaintiff did not receive overtime for hours worked.

51. Defendants failed to properly compensate Plaintiff for all his overtime.

52. Plaintiff worked in excess of 40 hours per week.

53. Plaintiff was only paid straight time for all hours worked over 40 hours per week.

54. Plaintiff estimates he is owed $1,722.60 in unpaid overtime.

55. Plaintiff was not provided with the required one and one-half times pay premium as required by the FLSA for all his worked overtime hours.

56. For example, during the work week of January 24, 2023, Plaintiff estimates he worked approximately 72 hours and was only paid straight time for these hours.

57. Defendants were aware that Plaintiff's working hours exceeded 40 hours.

58. Defendants required him to work overtime as a condition of his employment.

59. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on his next paycheck.

60. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

61. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining his employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

62. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

**COUNT I**
**(FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)**

63. Plaintiff incorporates by reference all of the above allegations as though fully

set forth herein.

64. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

65. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

66. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

67. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 206.

68. In addition to the amount of unpaid minimum wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

69. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

70. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

71. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

72. Defendants have not made a good faith effort to comply with the FLSA.

73. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

74. Plaintiff incorporates by reference all of the above allegations as though fully

set forth herein.

75. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

76. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

77. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

78. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

79. In addition to the amount of unpaid overtime wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

80. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

81. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

82. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

83. Defendants have not made a good faith effort to comply with the FLSA.

84. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

### COUNT III
### (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

85. Plaintiff incorporates by reference all of the above allegations as though fully

set forth herein.

86. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

87. Defendants intentionally failed and/or refused to pay Plaintiff full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

88. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

89. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT IV
### (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)
### (AGAINST THE ENTITY DEFENDANT ONLY)

90. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

91. At all relevant times, Plaintiff was employed by entity Defendant within the meaning of the Arizona Wage Statute.

92. Entity Defendant was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

93. Entity Defendant was aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiff.

94. Entity Defendant failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

95. Entity Defendant has willfully failed and refused to timely pay wages due to

Plaintiff.

96. As a result of entity Defendant's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

iii. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

iv. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

v. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

vi. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

vii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED March 21, 2023.

**WEILER LAW PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

Doc ID: 26fc72b819c8654d31f0e8f5d977098ca6272388

## **VERIFICATION**

Plaintiff Derius Dearbone declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Derius Dearbone

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

Doc ID: 26fc72b819c8654d31f0e8f5d977098ca6272388